UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0114 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Deandre Dontal McGowan, | |
| Defendant. | |

Defendant Deandre Dontal McGowan is charged with bank robbery, in violation of 18 U.S.C. § 2113(a). After a preliminary hearing, United States Magistrate Judge David T. Schultz ordered that McGowan be detained pending trial. The matter is now before the Court on McGowan's motion to revoke the detention order pursuant to 18 U.S.C. § 3145(b). (Dkt. 46.) For the reasons addressed below, the motion is denied.

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews a magistrate judge's detention order de novo. *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985). Either a danger to the community or a risk of flight is sufficient to authorize detention. *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). The government must establish that a defendant poses either a danger to the community by clear and convincing evidence or a risk of flight by a preponderance of the evidence. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). When evaluating whether pretrial

detention is appropriate, a district court considers (1) the nature and circumstances of the alleged crime, including whether it is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, employment, community ties, financial resources, and past conduct; and (4) the seriousness of the danger to the community or to an individual. *See* 18 U.S.C. § 3142(g); *Abad*, 350 F.3d at 797.

McGowan first argues that the evidence in this case does not support a finding that he poses a risk of flight. He emphasizes his history of appearing in court as directed in connection with several criminal matters, his history of successfully completing probation, and his familial ties in the local community. He also asserts that one of his failures to appear in court occurred 11 years ago, and a second failure to appear in court occurred as the result of an inability to appear because he was in custody at the time. The United States counters that McGowan's history of nonappearance, limited employment history, lack of community ties, and limited financial resources demonstrate that he poses a risk of flight.

The Court has carefully considered the evidence and arguments pertaining to McGowan's risk of flight. Notwithstanding the age and circumstances of McGowan's prior failures to appear, he nonetheless has a history of nonappearance in court on multiple occasions. As reflected in the United States Probation and Pretrial Services Report, McGowan's lengthy criminal history includes offenses that involved evading authorities, such as providing false identification and fleeing or evading law enforcement. As the magistrate judge observed, McGowan is associated with multiple alias names and dates of birth. Notably, McGowan is now charged with a serious offense that carries a maximum

possible sentence of 20 years' imprisonment, whereas his history of flight and evasion occurred in connection with offenses that carried comparatively less serious penalties.

Moreover, McGowan's limited employment history, community ties, and financial resources demonstrate an enhanced risk of flight. The record reflects that McGowan has no assets and that, in the several months prior to his arrest, McGowan was unemployed and faced eviction from his apartment due to delinquency in his rent payments. It is true that McGowan has some familial ties in the community, including his minor children and their mothers. But the record reflects that McGowan has no ties with his father, his mother lives in Texas, and his siblings are incarcerated, leaving few if any suitable residence options available to McGowan. In short, the Court agrees with the magistrate judge's finding that McGowan lacks robust ties to the community and a stable living situation.

For all these reasons, the Court concludes that the United States has proven by a preponderance of the evidence that McGowan poses a risk of flight. Because detention is warranted based on McGowan's flight risk, the Court need not address whether McGowan also poses a danger to the community. *See Sazenski*, 806 F.2d at 848.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Deandre Dontal McGowan's motion to revoke detention, (Dkt. 46), is **DENIED**. McGowan shall remain in the custody of the United States Attorney General for confinement pending trial.

Dated: July 3, 2019                               s/Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge