UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0114 (WMW/BRT) |
| Plaintiff, | **ORDER** |
| v. | |
| Deandre Dontal McGowan, | |
| Defendant. | |

---

This matter is before the Court on Defendant Deandre Dontal McGowan's motion for a judicial recommendation to the Federal Bureau of Prisons (BOP). (Dkt. 87.) For the reasons addressed below, McGowan's motion is denied.

McGowan previously pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and this Court sentenced McGowan to 84 months' imprisonment in December 2019. McGowan currently is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin (FCI Oxford), and his projected release date is August 13, 2024. McGowan previously moved for a sentence reduction, which the Court construed as a motion to be placed on home confinement. The Court denied that motion in April 2020. McGowan now seeks a court order recommending that the BOP permit McGowan to serve the last 12 months of his sentence in a halfway house, residential reentry center and/or home confinement. McGowan contends that such a recommendation is warranted "so that he can reestablish himself by obtaining gainful employment and saving enough money to secure housing, clothing, transportation, food and basic necessities."

The BOP possesses discretionary authority to designate a location for federal confinement. *See* 18 U.S.C. § 3621(b); *Elwell v. Fisher*, 716 F.3d 477, 483–84 (8th Cir. 2013) (citing *Setser v. United States*, 566 U.S. 231, 239 (2012)). When deciding what facility to designate as the place of imprisonment for a federal sentence, the BOP may consider multiple factors, including the sentencing court's intent. *Elwell*, 716 F.3d at 486; *accord* 18 U.S.C. § 3621(b) (providing that BOP may consider "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted; or . . . recommending a type of penal or correctional facility as appropriate"). When imposing McGowan's sentence in December 2019, the Court recommended to the BOP that McGowan be incarcerated at a facility in or near Minnesota, but the Court did not otherwise provide a recommendation as to the location or type of correctional facility.

Although this Court lacks authority to retroactively modify McGowan's sentence, a sentencing court is authorized to make *non-binding recommendations* to the BOP. *See, e.g.*, *United States v. Walker*, 917 F.3d 989, 990 (7th Cir. 2019) (observing that a district court has "discretion to make a recommendation to the BOP as to whether pretrial credit is appropriate"); *accord United States v. Elmardoudi*, 501 F.3d 935, 940 (8th Cir. 2007) (observing that the sentencing decision included a "recommendation that [BOP] should credit" the defendant for time spent in pretrial detention). Indeed, a sentencing court has express statutory authority to "recommend[ ] a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Although such recommendations typically occur at the time of sentencing, a court may—but is not required to—issue non-binding

2

recommendations to the BOP *after* the defendant has begun serving a sentence. *See, e.g.*, *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (concluding that, after a sentence has been imposed, a district court's authority is limited to making a "non-binding recommendation" to BOP); *United States v. Rovetuso*, 840 F.2d 363, 367 (7th Cir. 1987) (suggesting that a district court may issue a "clarifying order" as to sentencing intent if the order does not substantively modify a previously imposed sentence); *Rickman v. Maye*, 196 F. Supp. 3d 1197, 1199 (D. Kan. 2016) (explaining that, after "BOP sought guidance from the federal sentencing court to determine whether it was the federal court's intent that the state and federal sentence[s] would run concurrently," the sentencing court issued a recommendation to BOP).  As such, this Court may, but is not required to, provide a non-binding recommendation to the BOP as to the location of McGowan's confinement.

In his motion, McGowan emphasizes his desire to become a productive member of society and a better husband, father and son to his family.  McGowan details his efforts to maintain sobriety and prepare himself to provide a stable home, including his participation in and completion of numerous BOP programs.  In particular, McGowan relies on BOP records and numerous certificates of completion demonstrating that he has completed courses pertaining to spirituality, drug abuse education, health and wellness, employment skills, victim awareness and restitution, cognitive behavioral therapy and money management skills, among other topics.  The Court commends McGowan for these accomplishments and efforts at self-improvement.  The date of McGowan's requested placement in a halfway house, residential reentry center or home confinement is many months from now, however.  Future changes to the circumstances of McGowan's

3

confinement could render such a placement recommendation inappropriate. Moreover, the BOP is in a better position to make placement determinations than the Court, as the Court is further removed from the circumstances of McGowan's confinement. Accordingly, the Court declines to make a placement recommendation at this time.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Deandre Dontal McGowan's motion for a judicial recommendation to the Federal Bureau of Prisons, (Dkt. 87), is **DENIED**.


Dated:  December 2, 2022.                                         s/Wilhelmina M. Wright
                                                                   Wilhelmina M. Wright
                                                                   United States District Judge